[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue in this ad valorem tax appeal is the valuation of a restaurant. The property in question is Denny's Restaurant, CT Page 5261-PPPPPPP located at 1298 Silas Deane Highway in Wethersfield. The property is owned by the plaintiff, Denny's Realty, Inc. The valuation date is October 1, 1989. The town of Wethersfield assessed the value of the property on the valuation date as $1,335,700. The plaintiff appealed to the Town's Board of Tax Review, which left the assessment unaltered. The plaintiff then filed a timely appeal to this court. A hearing was held on May 14, 1996. The following facts are found.
The site of the property is a plot of land, slightly over one acre in area, located on the Silas Deane Highway in Wethersfield. This is a commercial area. The land contains a parking area of 72 spaces and a building. The building is a one story restaurant, with a gross building area of 5,452 square feet. The building was constructed in 1978. The restaurant has a seating capacity of 149. It is in good condition.
The trial, as is commonly the case, was a battle of the experts. The plaintiff's expert was Joseph A. Borcynski. Borcynski testified that the value of the subject property on the valuation date was $840,000. The Town countered with the testimony of Robert J. Flanagan. Flanagan testified that the value of the subject property on the valuation date was $1,262,000. For the reasons discussed below, I find Flanagan's testimony to be the more credible.
The first question to be considered is the appropriate approach to valuation. Flanagan's valuation is based on the income capitalization approach. Borcynski used all three accepted methods of valuation, but his valuation of $840,000 is, for all practical purposes, based on the cost approach. (Borcynski's figure of $840,000 is something of a compromise but is only $5,000 less than his cost approach valuation.) Borcynski's cost approach valuation is, however, deeply problematic. For one thing, Borcynski did not even know the original cost of constructing the building in 1978. Even more significantly, Borcynski himself admitted that an investor would not purchase a property like the subject property based on the cost approach in any event.
The sales comparison approach would be helpful if records of truly comparable sales existed. Alas, they do not. Borcynski and Flanagan both agreed that the comparable sales valuations they developed were weak. I agree as well. There are no truly comparable sales to draw upon for purposes of analysis. The sales CT Page 5261-QQQQQQQ comparison approach is, consequently, not reliable under the circumstances of this case.
The income capitalization approach is, in contrast, a useful approach because it most closely approximates the approach that an investor interested in purchasing the subject property would use in arriving at a fair price. While not all restaurants are purchased by investors — many are owner-occupied — some unquestionably are. The subject property, as it happens, is an income-producing property. Under these circumstances, the income capitalization approach is the most appropriate method of valuation.
Flanagan and Borcynski both developed the income capitalization approach. Flanagan's valuation based on this method was, as mentioned, $1,262,000. Borcynski's income approach valuation was $775,000. I find that Flanagan's valuation is the more credible and accurate of the two. This finding is based on two significant grounds. First, the comparable restaurant rentals to which Flanagan referred in developing his income approach were more appropriate than those relied upon by Borcynski. Flanagan's comparable rentals were all in Wethersfield, and most of them were on the Silas Deane Highway. In contrast, only one of the eight comparable rentals to which Borcynski referred was located in Wethersfield. (Borcynski's remaining comparables were located in Enfield, Manchester, Avon, and Windsor Locks.) Second, Flanagan checked his income capitalization approach valuation — which, as mentioned, is based on comparable restaurant rentals — against a second calculation done with the actual income figures of the subject property in mind. His two calculations were essentially the same. This fact lends very strong support to Flanagan's valuation. I accordingly find that the fair market value of the subject property on October 1, 1989, was $1,262,000.
The plaintiff's appeal is sustained. The assessor is ordered to reduce the fair market value of the subject property to $1,262,000 as of the valuation date. No costs are awarded.
Jon C. Blue Judge of the Superior Court CT Page 5261-RRRRRRR